Elizabeth Kristen, State Bar No. 218227
Sharon Terman, State Bar No. 237236
THE LEGAL AID SOCIETY
EMPLOYMENT LAW CENTER
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848
Facsimile: (415) 864-8199

Attorneys for Plaintiff
Maria Escriba

**THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| MARIA ESCRIBA,<br><br>Plaintiff,<br><br>v.<br><br>FOSTER POULTRY FARMS, INC.,<br><br>Defendant. | No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, THE CALIFORNIA FAMILY RIGHTS ACT, FAILURE TO PREVENT DISCRIMINATION, AND FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff MARIA ESCRIBA complains of defendant and demands a trial by jury of all issues, and for all claims for relief alleges:

**NATURE OF THIS ACTION**

1. This is an action for relief from defendant's violation of plaintiff's civil rights. These violations include a claim for denial of rights under the Family and Medical Leave Act ("FMLA"), the California Family Rights Act ("CFRA"), failure to prevent discrimination in violation of California Government Code section 12940(k), and wrongful termination in violation of public policy.

2. Plaintiff seeks back pay; front pay; compensatory, punitive, and liquidated damages; reinstatement; declaratory and injunctive relief; and reasonable attorneys' fees and costs.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 1331. This action arises under federal law: the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*

4. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a). Plaintiff's claims pursuant to the California Family Rights Act, Cal. Gov't Code § 12945.2 *et seq.*, for failure to prevent discrimination in violation of Cal. Gov't Code § 12940(k), and for wrongful termination in violation of public policy, are related, as all of plaintiff's claims share common operative facts. Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

5. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b), because the events giving rise to plaintiff's claims occurred in this District.

**PARTIES**

6. Plaintiff MARIA ESCRIBA is a resident of Stanislaus County in this Judicial District.

7. Defendant FOSTER POULTRY FARMS, INC. ("Foster Farms") at all times relevant herein was a corporation with its principal place of business in Livingston, California. Defendant is a California employer doing business in Stanislaus County.

8. Plaintiff was an eligible employee within the meaning of the FMLA and CFRA because Foster Farms had employed plaintiff for at least 12 months by the time her need for family leave occurred and plaintiff had worked more than 1,250 hours during the 12-month period prior to her request for leave.

9. Defendant is a covered employer under FMLA and CFRA because it employs 50 or more employees within a 75-mile radius of plaintiff's worksite.

10. The unlawful employment practices complained of herein occurred in Stanislaus County, State of California.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Plaintiff has exhausted all required administrative remedies. Plaintiff filed a Complaint of Discrimination with the California Department of Fair Employment and Housing ("DFEH") on July 24, 2008.

12. The DFEH issued a Notice of Right to Sue on May 12, 2009.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

13. Maria Escriba began working as a general laborer for ConAgra Butterball, at its Turkey Processing Plant in Turlock, California in 1989. Ms. Escriba became an employee of Foster Farms on August 2, 1999, when Foster Farms purchased the Butterball facility.

14. At all times relevant herein, Ms. Escriba was qualified for her position and she performed her job well.

15. On or about November 21, 2007, while at work, Ms. Escriba received a call from her niece in Guatemala informing her that Ms. Escriba's eighty-four year-old father, who also resided in Guatemala, was seriously ill and needed Ms. Escriba to care for him.

16. The same day, Ms. Escriba approached her immediate supervisor, Linda Mendoza, to request vacation time to care for her father telling Ms. Mendoza in English, "My father in hospital," or words to that effect. Ms. Escriba is a native Spanish speaker with limited English proficiency.

17. Ms. Mendoza told Ms. Escriba in English that her two weeks of vacation would be approved, but she did not give Ms. Escriba an approved vacation request form that day.

18. Ms. Mendoza failed to inform Ms. Escriba that she was entitled to take up to twelve weeks of job-protected leave under FMLA/CFRA to care for her seriously ill father, nor did she designate Ms. Escriba's requested vacation as FMLA/CFRA qualifying leave.

19. On or about November 23, 2007, after Ms. Escriba's shift ended, Ms. Mendoza gave Ms. Escriba an approved vacation request form.

20. With her approved vacation form in hand, Ms. Escriba went to the Human Resources office to ask what she should do if she needed additional leave, beyond her two weeks of approved vacation, to care for her father.

21. When she discovered that the Human Resources office was closed, Ms. Escriba found her plant manager, Eddie Mendoza, who speaks both Spanish and English.

22. Ms. Escriba told Eddie Mendoza in Spanish that her father was very ill and in the hospital in Guatemala. She told Mr. Mendoza that she had two weeks of approved vacation to care for her father, and asked what she should do if she needed additional time to care for him.

23. Mr. Mendoza responded in Spanish, "I can't give you more time off," or words to that effect. However, he told Ms. Escriba that she could take more time if she brought back a note from her father's doctor when she returned.

24. Ms. Escriba understood from her conversation with Eddie Mendoza that Foster Farms would approve additional leave beyond her two-weeks vacation if she provided a doctor's note upon her return that verified her need to care for her seriously ill father.

25. Mr. Mendoza failed to inform Ms. Escriba that she was entitled to take up to twelve weeks of job-protected leave under FMLA and CFRA to care for her seriously ill father. Nor did he designate Ms. Escriba's previously approved two weeks vacation as FMLA or CFRA-qualifying leave.

26. Ms. Escriba left for Guatemala on or about November 23, 2007.

27. At no time during Ms. Escriba's absence did Foster Farms mail to her residence in California information regarding her rights and obligations under FMLA and CFRA. Because Ms. Escriba's husband—who was also a Foster Farms employee—remained in California at their home, he could have received such information and sent it to Ms. Escriba in Guatemala.

28. Ms. Escriba arrived in Guatemala on or about November 24, 2007. When she arrived, she learned that her father was very ill with cancer and related complications.

29. Ms. Escriba cared for her father by attending to his nutritional, and hygienic needs as well as providing psychological comfort and care.

30. Given the doctors' assessment of her father's serious health condition, Ms. Escriba needed to take additional time—beyond her two weeks of vacation—to care for her father.

31. Consistent with Eddie Mendoza's instructions, Ms. Escriba obtained a note from her father's doctors at two different hospitals documenting the symptoms of his serious illness, and verifying that she needed to care for him during the months of November and December.

32. Although Mr. Mendoza told Ms. Escriba to bring the doctor's note to Foster Farms when she returned to the United States, she made extra efforts and attempted to fax the documentation to her employer on or about December 25, 2007. The nearest fax machine was located in another town, and Ms. Escriba had to drive two hours in order to reach it. However, when Ms. Escriba tried to send the fax, it did not go through.

33. Rather than giving up when the fax did not go through, Ms. Escriba tried to call the Human Resources office at Foster Farms. This call did not go through either.

34. Ms. Escriba then drove back to her father's house and called her husband in the United States. Ms. Escriba's husband gave her the mobile number for her union representative, Carlos Valenzuela. Ms. Escriba called Mr. Valenzuela, and spoke to him and his wife. She explained to Mr. Valenzuela that she had attempted to fax the note to Foster Farms, but it did not go through. Mr. Valenzuela told Ms. Escriba to fax the note to him instead, and assured her that he would deliver it to her employer.

35. The next day, on or about December 26, 2007, Ms. Escriba drove back to the town with the fax machine and faxed her father's doctor's note to Carlos Valenzuela.

36. Mr. Valenzuela received the doctor's note and delivered it to Foster Farms.

37. Ms. Escriba returned to the United States on or about December 27, 2007. While on a layover in Los Angeles, she received a message from Mr. Valenzuela that he delivered the doctor's note, but that Foster Farms had terminated her effective December 12, 2007, for failing to return after her approved two-week vacation.

38. Ms. Escriba was covered by a collective bargaining agreement, which did not mention the Family and Medical Leave Act or the California Family Rights Act. Ms. Escriba filed a union grievance against her employer seeking reinstatement. In preparation for the hearing, Ms. Escriba obtained another doctor's note verifying again that she had cared for her father in November and December 2007. Ms. Escriba provided this note to Foster Farms at the hearing.

39. Nonetheless, Foster Farms refused to reinstate Ms. Escriba.

40. Prior to her termination, Ms. Escriba had never been disciplined for tardiness or an unexcused absence during her entire employment at Foster Farms.

**FIRST CLAIM FOR RELIEF**
Interference
FMLA
29 U.S.C. § 2615(a)(1)

41. Plaintiff incorporates by reference paragraphs 1 through 40, as though fully set forth herein.

42. At all times mentioned in this complaint, the Family and Medical Leave Act (FMLA) was in full force and effect and was binding on defendant. The FMLA was amended in 2008, and the Department of Labor revised its implementing regulations in 2009. However, the events giving rise to this complaint occurred prior to these amendments and revisions. Thus, all references herein are to the prior version of the FMLA and its 1995 regulations.

43. The FMLA provides that eligible employees are entitled to take up to 12 weeks of leave in any 12-month period to care for a parent with a serious health condition, and that the employee is entitled to be restored to the same or an equivalent position following her leave. 29 U.S.C. §§ 2612(a)(1)(C), 2614(a)(1).

44. Plaintiff's father had a serious health condition within the meaning of the FMLA. *See* 29 U.S.C. § 2611(11); 29 C.F.R. § 825.114.

45. Plaintiff cared for her father within the meaning of the FMLA regulations by providing "both physical and psychological care," including attending to his hygienic and nutritional needs while he was receiving inpatient or home care. 29 C.F.R. § 825.116.

46. The FMLA provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under this subchapter [of the FMLA]." 29 U.S.C. § 2615(a)(1).

47. At all relevant times, the Department of Labor (DOL) regulations, 29 C.F.R. § 825.100 *et seq.* (1995), were in full force and effect and were binding on defendant. The DOL regulations provide, "Any violations of the [FMLA] or of these [Department of Labor] regulations constitute interfering with, restraining, or denying the exercise of rights provided by the Act." 29 C.F.R. § 825.220(b).

48. An employee must provide at least verbal notice sufficient to make the employer aware that the employee needs time off for a FMLA-qualifying reason. "The employee need not expressly assert rights under the FMLA or even mention the FMLA." 29 C.F.R. § 825.302(c); *Bachelder v. America West Airlines, Inc.*, 259 F.3d 1112, 1130 (9th Cir. 2001) ("Employees need only notify their employers that they will be absent under circumstances which indicate that the FMLA might apply.").

49. When the need for FMLA leave is "unforeseeable," such as in the case of a medical emergency, the employee need only give notice to the employer "as soon as is practicable under the facts and circumstances of the particular case." 29 C.F.R. § 825.303(a).

50. An employer cannot deny FMLA leave based on an employee's failure to follow an employer's internal procedures for requesting leave, as long as the employee gave timely verbal or other notice of her need for leave. 29 C.F.R. § 825.302(d); *Mora v. Chem-Tronics, Inc.*, 16 F. Supp. 2d 1192, 1217 (S.D. Cal. 1998).

51. Ms. Escriba provided timely and reasonable notice to Foster Farms of her need to take leave to care for her father's serious health condition. *See* 29 C.F.R. § 825.302.

52. Employers are required to notify employees of their rights and obligations under the FMLA. Specifically, the employer must "provide written guidance to an employee concerning all the employee's rights and obligations under the FMLA." 29 C.F.R. § 825.301(a)(2). This notice "must be provided to the employee in a language in which the

employee is literate." 29 C.F.R. § 825.301(b)(1). The written notice must detail "the specific expectations and obligations of the employee and explain[] any consequences of a failure to meet these obligations," including for example, any obligation to provide a medical certification and consequence of failing to do so. 29 C.F.R. § 825.301(b)(1). Unless it has given such written notice in the employee's language in the previous six months, the employer must provide this written notice to the employee "within one or two business days if feasible" of the employee's notifying the employer of her need for leave. 29 C.F.R. § 825.301(c). "If leave has already begun, the notice should be mailed to the employee's address of record." *Id.*

53. "If an employer fails to provide notice in accordance with the provisions of this section, the employer may not take action against an employee for failure to comply with any provision required to be set forth in the notice." 29 C.F.R. § 825.301(f).

54. During her entire employment with Foster Farms, defendant never gave Ms. Escriba written notice in Spanish—the language in which she is literate—of her rights and obligations under the FMLA. Defendant also failed to provide such notice to Ms. Escriba after she requested leave to care for her seriously ill father. Nor did defendant mail such notice to her address of record after her leave began. Defendant's failure to give proper notice to Ms. Escriba concerning her rights and obligations constitutes interference with plaintiff's FMLA rights. *See* 29 C.F.R. § 825.301; *see Mora*, 16 F. Supp. 2d at 1222.

55. Because Foster Farms failed to provide Ms. Escriba with proper notice of her rights and obligations, it was not permitted to take action against her for failing to comply with an obligation that should have been set forth in the notice, such as an obligation to provide a medical certification. *See* 29 C.F.R. § 825.301(f).

56. "In all circumstances, it is the employer's responsibility to designate leave, paid or unpaid, as FMLA-qualifying, and to give notice of the designation to the employee." 29 C.F.R. § 825.208(a). The employer must inform the employee of the designation within one or two business days. 29 C.F.R. § 825.208(b)(1).

57. Defendant violated the FMLA when it failed to designate Ms. Escriba's leave as FMLA-qualifying leave or notify her of the designation. *See* 29 C.F.R. § 825.208(a); *Liu v. Amway*, 347 F.3d 1125, 1134 (9th Cir. 2003) (employer's characterization of FMLA-qualifying leave as "personal leave" instead of FMLA leave constituted interference with FMLA rights).

58. Unlawful "'[i]nterfering with' the exercise of an employee's rights . . . include[s], for example, not only refusing to authorize FMLA leave, but discouraging an employee from using such leave." 29 C.F.R. § 825.220(b).

59. Defendant violated the FMLA when it refused to authorize plaintiff's request for leave, beyond her two-week vacation, to care for her seriously ill father. *See* 29 C.F.R. § 825.220(b); *Liu*, 347 F.3d at 1134 (employer's refusal to authorize leave constituted interference with FMLA rights).

60. "An employer is prohibited from discriminating against employees or prospective employees who have used FMLA leave." 29 C.F.R. § 825.220(c). "[E]mployers cannot use the taking of FMLA leave as a negative factor in employment actions. . . ." *Id.*

61. Defendant willfully interfered with, restrained, and/or denied plaintiff's exercise of her FMLA rights by discriminating against her and terminating her employment because she took a FMLA-qualifying leave.

62. Defendant willfully interfered with, restrained, and/or denied plaintiff's exercise of her FMLA rights by terminating her employment during a job-protected FMLA-qualifying leave.

63. Defendant willfully interfered with, restrained, and/or denied plaintiff's exercise of her FMLA rights by refusing to restore plaintiff to her same or an equivalent position following her FMLA-qualifying leave.

64. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard to plaintiff's rights.

65. As a direct and proximate result of defendant's intentional, willful, malicious, and unlawful termination of her employment, plaintiff lost her salary, employment benefits, and other compensation, in an amount to be proven at trial.

66. As a result of defendant's willful violations of the FMLA, which were not made in good faith, plaintiff is entitled to liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii), in an amount to be proven at trial.

**SECOND CLAIM FOR RELIEF**
Discrimination
FMLA
29 U.S.C. § 2615(a)(2)

67. Plaintiff incorporates by reference paragraphs 1 through 66, as though fully set forth herein.

68. The FMLA provides that "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter [of the FMLA]." 29 U.S.C. § 2615(a)(2). The FMLA further provides that "[a]n employer is prohibited from discriminating against employees or prospective employees who have used FMLA leave." 29 C.F.R. § 825.220(c). "[E]mployers cannot use the taking of FMLA leave as a negative factor in employment actions. . . ." *Id.*

69. Defendant discriminated against plaintiff by discharging her when she exercised her right to take FMLA leave.

70. Defendant discriminated against plaintiff by refusing to reinstate her because she exercised her right to take FMLA leave.

71. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to plaintiff's rights.

72. As a direct and proximate result of defendant's unlawful actions, plaintiff lost her wages, salary, employment benefits, and other compensation, and suffered other monetary losses, in an amount to be proven at trial.

73. As a result of defendant's willful violations of the FMLA, which were not done in good faith, plaintiff is entitled to liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii), in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**
Unlawful Employment Practice/Failure to Provide Leave
CFRA
Cal. Gov't Code § 12945.2(a)

74. Plaintiff incorporates by reference paragraphs 1 through 73, as though fully set forth herein.

75. The CFRA provides eligible employees the right to take up to 12 weeks of family care and medical leave in any 12-month period with the provision of health benefits while on such leave and a guarantee of employment to the same or a comparable position upon the expiration of the leave. Cal. Gov't Code § 12945.2(a); 2 Cal. Code Regs. §§ 7297.2, 7297.5.

76. Family care and medical leave includes leave to care for the employee's parent with a serious health condition. Cal. Gov't Code § 12945.2(c)(3)(B).

77. The CFRA provides that "[i]t shall be an unlawful employment practice for an employer . . . to refuse to grant a request by any employee with more than 12 months of service with the employer, and who has at least 1,250 hours of service with the employer during the previous 12-month period, to take up to a total of 12 workweeks in any 12-month period for family care and medical leave." Cal. Gov't Code § 12945.2(a).

78. Family care and medical leave "shall not be deemed to have been granted unless the employer provides the employee, upon granting the leave request, a guarantee of employment in the same or a comparable position upon the termination of the leave." Cal. Gov't Code § 12945.2(a).

79. Defendant violated the CFRA when it failed to grant Ms. Escriba's request for additional time off beyond her two-week vacation to care for her seriously ill father. *See* Cal. Gov't Code § 12945.2(a).

80. Defendant violated the CFRA when it failed to provide plaintiff with a guarantee of employment in the same or comparable position upon her return from leave to care for her seriously ill father. *See* Cal. Gov't Code § 12945.2(a).

81. "An employee shall provide at least verbal notice sufficient to make the employer aware that the employee needs CFRA-qualifying leave, and the anticipated timing and duration of the leave. The employee need not expressly assert rights under CFRA or FMLA, or even mention CFRA or FMLA, to meet the notice requirement." 2 Cal. Code Regs. § 7297.4(a)(1).

82. When an employee's need for leave is unforeseeable, such as in the case of a medical emergency, the employee must notify the employer of her need for leave "as soon as practicable." 2 Cal. Code Regs. § 7297.4(a)(3).

83. "An employer shall not deny a CFRA leave, the need for which is an emergency or is otherwise unforeseeable, on the basis that the employee did not provide advance notice of the need for the leave." 2 Cal. Code Regs. § 7297.4(a)(4).

84. Plaintiff provided timely and reasonable notice to Foster Farms of the need to take leave to care for her father who had a serious health condition.

85. Employers must notify employees of their rights under the CFRA. 2 Cal. Code Regs. § 7297.9. "Any employer whose workforce at any facility or establishment contains ten percent or more of persons who speak a language other than English as their primary language shall translate the notice into the language or languages spoken by this group or these groups of employees." 2 Cal. Code Regs. § 7297.9(c).

86. Defendant violated the CFRA by failing to provide the required notice to plaintiff of her rights under the CFRA. *See* 2 Cal. Code Regs. § 7297.9.

87. "Under all circumstances, it is the employer's responsibility to designate leave, paid or unpaid, as CFRA or CFRA/FMLA qualifying, based on information provided by the employee or the employee's spokesperson, and to give notice of the designation to the employee." 2 Cal. Code Regs. § 7297.4(a)(1)(A).

88. Defendant violated the CFRA when it failed to designate Ms. Escriba's vacation leave as CFRA-qualifying leave or notify her of the designation. *See* 2 Cal. Code Regs. § 7297.4(a)(1)(A).

89. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard to plaintiff's rights.

90. As a proximate result of defendant's discriminatory actions, plaintiff suffered the loss of wages, salary, benefits, and additional damages in an amount to be proven at trial.

91. As a further proximate result of defendant's unlawful actions, plaintiff has suffered mental anguish, and emotional and physical distress, in an amount to be proven at trial.

**FOURTH CLAIM FOR RELIEF**
Unlawful Discharge and Discrimination
CFRA
Cal. Gov't Code § 12945.2(*l*); 2 Cal. Code Regs. § 7297.7

92. Plaintiff incorporates by reference paragraphs 1 through 91, as though fully set forth herein.

93. The CFRA provides that "[i]t shall be an unlawful employment practice for an employer . . . to discharge, . . . expel, or discriminate against, any individual because of . . . an individual's exercise of the right to family care and medical leave. . . ." Cal. Gov't Code § 12945.2(*l*)(1).

94. Plaintiff exercised her right to leave to care for her father who had a serious health condition.

95. On or about December 12, 2007, while she was on her family care leave, defendant terminated plaintiff's employment.

96. Defendant's termination of plaintiff's employment constitutes unlawful discharge and discrimination in violation of the CFRA.

97. Defendant's actions against plaintiff also constitute unlawful discrimination on account of plaintiff's taking CFRA leave, in violation of California Government Code section 12945.2(*l*)(1).

98. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard to plaintiff's rights.

99. As a proximate result of defendant's discriminatory actions, plaintiff suffered the loss of wages, salary, benefits, and additional damages in an amount to be proven at trial.

100. As a further proximate result of defendant's unlawful actions, plaintiff has suffered mental anguish, and emotional and physical distress, in an amount to be proven at trial.

**FIFTH CLAIM FOR RELIEF**
Failure to Prevent Discrimination
Cal. Gov't Code § 12940(k)

101. Plaintiff incorporates by reference paragraphs 1 through 100, as though fully set forth herein.

102. California Government Code section 12940(k) requires defendants to take all reasonable steps to prevent discrimination from occurring.

103. Defendant knew or should have known that plaintiff needed leave to care for her father who had a serious health condition. Defendant failed to inform plaintiff of her rights and obligations under CFRA. Defendant refused to grant plaintiff's request for leave for a CFRA-qualifying reason. Defendant discriminated against plaintiff by terminating her while she was on a leave for a CFRA-qualifying reason. Defendant discriminated against plaintiff by refusing to reinstate plaintiff following her leave for a CFRA-qualifying reason.

104. Defendant's actions constitute a failure to take all reasonable steps to prevent discrimination from occurring in violation of California Government Code section 12940(k).

105. As a proximate result of defendant's unlawful actions plaintiff suffered the loss of wages, salary, employment benefits, and additional damages in an amount to be proven at trial.

106. As a further proximate result of defendant's unlawful actions, plaintiff has suffered humiliation, mental anguish, and emotional and physical distress in an amount to be proven at trial.

107. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard to plaintiff's rights.

**SIXTH CLAIM FOR RELIEF**

Wrongful Termination in Violation of Fundamental Public Policy

108. Plaintiff incorporates by reference paragraphs 1 through 107, as though fully set forth herein.

109. It is the public policy of the State of California to prohibit employers from discriminating against their employees because they exercise their right to take FMLA/CFRA leave.

110. By discriminating against and terminating plaintiff because she exercised her right to FMLA/CFRA leave, defendant violated California's public policy. *See Mora*, 16 F. Supp. 2d at 1231-32.

111. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard to plaintiff's rights.

112. As a proximate result of defendant's discriminatory actions, plaintiff has suffered the loss of wages, salary, benefits, and additional amounts of money, to be proven at trial.

113. As a further proximate result of defendant's discriminatory actions, plaintiff has suffered humiliation, mental anguish, and emotional and physical distress in an amount to be proven at trial.

**DECLARATORY RELIEF ALLEGATIONS**

114. Plaintiff incorporates by reference paragraphs 1 through 113, as though fully set forth herein.

115. An actual controversy has arisen and now exists relating to the rights and duties of the parties herein in that plaintiff contends that defendant violated her FMLA/CFRA rights and

terminated her in violation of public policy. Defendant contends that these allegations did not occur. Plaintiff disputes defendant's contention and asserts that the reasons asserted by defendant do not affect the validity of plaintiff's claims.

**INJUNCTIVE RELIEF ALLEGATIONS**

116. Plaintiff incorporates by reference paragraphs 1 through 115 as though fully set forth herein.

117. No previous application for the injunctive relief sought herein has been made to this Court.

118. If this Court does not grant the injunctive relief sought herein, plaintiff will be irreparably harmed.

119. No plain, adequate, or complete remedy at law is available to plaintiff to redress the wrongs addressed herein.

**PRAYER**

WHEREFORE, plaintiff prays for judgment against defendant as follows:

1. For an order enjoining the defendant from engaging in the unlawful conduct complained of herein;

2. For an order granting reinstatement and such other injunctive relief as may be appropriate;

3. For declaratory relief;

4. For lost wages, lost benefits, and all other compensation denied or lost to plaintiff by reason of defendant's unlawful actions, in an amount to be proven at trial;

5. For front pay, in an amount to be proven at trial;

6. For compensatory damages for plaintiff's emotional pain and suffering, in an amount to be proven at trial;

7. For liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

8. For punitive damages;

9. For reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. § 12205, 29 U.S.C § 2617(a)(3), 42 U.S.C. § 1988, Cal. Gov't Code § 12965(b), Cal. Code of Civ. Proc. § 1021.5, and other laws;

10. For interest on damages, including pre- and post-judgment interest and an upward adjustment for inflation; and

11. For such other and further relief as the court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury as to each claim herein.

Dated: October 26, 2009

By: /S/ Sharon Terman .
Sharon Terman
Attorney for Plaintiff Maria Escriba