Robert Borton, State Bar No. 53191
Elizabeth Kristen, State Bar No. 218227
Sharon Terman, State Bar No. 237236
THE LEGAL AID SOCIETY
EMPLOYMENT LAW CENTER
600 Harrison Street, Suite 120
San Francisco, CA  94107
Telephone:  (415) 864-8848
Facsimile:  (415) 864-8199

Attorneys for Plaintiff
Maria Escriba

# THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| MARIA ESCRIBA, | No.: 1:09-CV-01878-OWW-GSA |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| FOSTER POULTRY FARMS, A California Corporation, | |
| Defendant. | |

Whereas the parties, by and through their attorneys of record, stipulate to the following protective order:

A.      CONFIDENTIAL MATERIAL.  As used herein, the term CONFIDENTIAL MATERIAL includes any document that a party asserts contains private, including medical, personal, proprietary, non-public, trade secret, confidential, and/or sensitive documents, and the information contained therein.  CONFIDENTIAL MATERIAL may also include deposition testimony and other discovery responses and any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations,

1  or presentations by parties or counsel to or in Court proceedings or in other settings that might

2  reveal CONFIDENTIAL MATERIAL.

3       B.     DESIGNATION.  A party may designate CONFIDENTIAL MATERIAL

4  supplied or requested to be so designated either by marking the material as "CONFIDENTIAL,"

5  or by identifying in writing to opposing counsel the Bates numbers of the documents.  A party

6  may designate deposition testimony and exhibits as CONFIDENTIAL MATERIAL on the

7  record at the deposition or by identifying in writing to opposing counsel the page and line

8  numbers of the testimony and the exhibits.   This designation must be made in writing within

9  thirty (30) days of the receipt of the transcript.  A party or third party may designate materials

10  obtained from or supplied by the party itself, by another party, or by a third party as

11  CONFIDENTIAL MATERIAL.    If one party asserts a document, deposition testimony, or other

12  information is CONFIDENTIAL MATERIAL, it does not mean that the other parties necessarily

13  agree with that assertion.

14       C.     CHALLENGE TO DESIGNATION.  A party shall not be obligated to challenge

15  the propriety of a document's designation as CONFIDENTIAL MATERIAL or designation the

16  of deposition testimony or deposition exhibits as CONFIDENTIAL MATERIAL at the time

17  made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that

18  any party disagrees at any stage of these proceedings with the designation of any information,

19  the parties shall try first to resolve such dispute in good faith on an informal basis.  If the dispute

20  cannot be resolved, the party objecting to the designation as CONFIDENTIAL MATERIAL

21  may seek appropriate relief from the Court, and the designating party asserting confidentiality

22  shall have the burden of showing the propriety of such designation.  A document or deposition

23  transcript or exhibit as to which confidentiality is disputed shall be treated as a

24  CONFIDENTIAL MATERIAL until the Court issues a ruling permitting disclosure, or the party

25  claiming confidentiality withdraws that claim in writing.

26       D.     QUALIFIED PERSON -- CONFIDENTIAL MATERIAL.  With respect to

27  CONFIDENTIAL MATERIAL, a QUALIFIED PERSON is included in one of the following

28

1    categories:  (1) all counsel of record and in-house counsel engaged in the litigation of this matter

2    on behalf of a party, including attorneys and their employees assisting in this matter; (2) experts,

3    consultants, investigators, or other non-party agents who are assisting counsel in the litigation of

4    this matter on behalf of a party; or (3) the parties themselves, including Plaintiff's daughter

5    where necessary, in the opinion of counsel, to assist counsel in preparation of this case, or in the

6    case where the party is a corporation, corporate officers, directors, and employees of the party

7    who are, in the opinion of counsel, necessary to assist counsel in the preparation of this case.

8          E.      DISCLOSURE.  Any document containing CONFIDENTIAL MATERIAL shall

9    be disclosed only to persons qualified to review such MATERIAL, as specified in paragraph D,

10   who shall have read this Stipulated Protective Order and who shall agree in writing per

11   paragraph I(2) to be bound by the terms hereof.

12         F.      MAINTENANCE IN CONFIDENCE.  Any QUALIFIED PERSON to whom any

13   CONFIDENTIAL MATERIAL has been disclosed shall agree in writing per paragraph I(2) to

14   maintain such MATERIAL in confidence and not to reveal any such MATERIAL to anyone

15   other than a person qualified to review such MATERIAL, as specified in paragraph D.

16         G.      USE LIMITED TO LITIGATION OF THIS MATTER. Any QUALIFIED

17   PERSON to whom any CONFIDENTIAL MATERIAL has been disclosed shall agree in writing

18   per paragraph I(2) not to use any such MATERIAL except in connection with the litigation of

19   this case.

20         H.      USE IN DEPOSITION.  Documents designated as "CONFIDENTIAL" may be

21   used in depositions, subject to the terms of this agreement.

22         I.      CUSTODY OF DOCUMENTS CONTAINING CONFIDENTIAL MATERIAL.

23   All documents of any kind containing CONFIDENTIAL MATERIAL, including notes or other

24   records regarding the content thereof, shall be maintained in the custody of counsel of record,

25   and no partial or complete copies thereof shall be retained by anyone else, except that:

26              (1)      Parties as referred to in paragraph D(3) may retain CONFIDENTIAL

27   MATERIAL to the extent deemed necessary by their respective counsel, provided that parties

28

1  return such MATERIAL to such counsel once retention is no longer necessary or pursuant to the

2  provisions of paragraph L, whichever comes first.

3          (2)    Experts, consultants, investigators, or non-party agents as referred to in

4  paragraph D(2) may retain CONFIDENTIAL MATERIAL on a temporary basis for purposes of

5  study, analysis, and preparation of the case, provided that such an expert, consultant,

6  investigator, or non-party agent returns to the respective counsel said CONFIDENTIAL

7  MATERIAL, including records, notes or copies containing such MATERIAL, upon the

8  completion of the work related thereto, and agrees in writing to be bound by the terms of this

9  Stipulated Protective Order by signing an acknowledgment to be retained by counsel in

10  substantially the following form:

11          **I hereby acknowledge that I, [name], am about to receive**

12          **CONFIDENTIAL MATERIAL related to the case *Maria Escriba v. Foster***

13          ***Poultry Farms, a California Corporation*.  I certify my understanding that**

14          **such CONFIDENTIAL MATERIAL is provided pursuant to the terms and**

15          **restrictions of the Stipulated Protective Order of [date].  I have been given a**

16          **copy of this Order, have read it, and agree to be bound by the terms thereof.**

17          **I understand that such CONFIDENTIAL MATERIAL, and any notes or**

18          **records regarding the content of such CONFIDENTIAL MATERIAL, shall**

19          **not be disclosed to others, except as permitted under the terms of said**

20          **Stipulated Protective Order and shall be returned to Counsel of Record as**

21          **soon as no longer needed as provided for in Paragraph L.**

22      J.    DEPOSITION TRANSCRIPTS.  When CONFIDENTIAL MATERIAL is

23  contained, incorporated or discussed in deposition testimony, the CONFIDENTIAL MATERIAL

24  may be designated as provided in paragraph B, by either party during or after the deposition, in

25  writing or on the record.  The designated portions shall be treated as CONFIDENTIAL

26  MATERIAL unless a party successfully challenges this designation in accordance with the

27  procedure set forth in paragraph C.

28

A party filing a portion of a deposition transcript designated confidential with the Court under seal or in some manner to protect against non-disclosure must do so in accordance with the requirements of paragraph K.  Further, nothing in this paragraph shall prevent the disclosure of such a confidential portion of a deposition transcript to a person qualified to review such a portion, as specified in paragraphs D and E, or a party's ability to review the CONFIDENTIAL MATERIAL in order to litigate this case.

K.	COURT FILINGS.  Documents containing CONFIDENTIAL MATERIAL may be filed under seal or in some other manner to protect against non-disclosure of the CONFIDENTIAL MATERIAL.

Nothing in this paragraph shall prevent the disclosure of such confidential filings to a person qualified to review such a filing, as specified in paragraphs D and E.  Nothing in this paragraph is intended to direct or limit the internal procedures of the Court to provide access to sealed materials to appropriate court personnel.

L.	DESTRUCTION OF MATERIAL.  Within ninety (90) calendar days after the final settlement or termination of this action, Counsel who has received CONFIDENTIAL MATERIAL shall destroy (at the expense of party providing the CONFIDENTIAL MATERIAL) all documents containing CONFIDENTIAL MATERIALS provided by the other party and all copies thereof.  There is no obligation to destroy the Court's copies of documents which have been filed with the court in these proceedings.  Counsel shall not make use of CONFIDENTIAL MATERIAL except in connection with any action arising directly out of these actions, or pursuant to a court order for good cause shown.  The obligation of this Stipulated Protective Order shall survive the termination of this action.  To the extent that CONFIDENTIAL MATERIALS are, or become, known to the public through no fault or action of the party who received such CONFIDENTIAL MATERIAL, such CONFIDENTIAL MATERIALS shall no longer be subject to the terms of this Stipulated Protective Order.  Upon request, counsel for each party shall verify in writing that they have complied with the provisions of this paragraph.

M.      NO UNAUTHORIZED DISCLOSURE ABSENT COURT ORDER.  No unauthorized disclosure of CONFIDENTIAL MATERIAL shall be made, absent a Court Order.

N.      Except for the provisions regarding the treatment of CONFIDENTIAL MATERIAL upon final resolution of this litigation, this order is strictly a pretrial order; it does not govern the trial in this action.  Procedures for trial with regard to CONFIDENTIAL MATIERAL will be considered at the pre-trial conference.

O.      Nothing in this Stipulated Protective Order shall be deemed to limit, prejudice, or waive any right of any party or person (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, CONFIDENTIAL MATERIAL claimed to be protected work product or privileged under federal law, CONFIDENTIAL MATERIAL as to which a party claims a legal obligation not to disclose, or CONFIDENTIAL MATERIAL not required to be provided pursuant to federal law; (b) to seek to modify, enhance, or obtain relief from any aspect of this Stipulated Protective Order; (c) to object to the use, relevance, or admissibility at trial or otherwise of any CONFIDENTIAL MATERIAL, whether or not designated in whole or in part as CONFIDENTIAL MATERIAL governed by this Stipulated Protective Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

P.   By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

Q.   This Stipulated Protective Order shall not affect any contractual, statutory or other legal obligation or the rights of any party or person with respect to CONFIDENTIAL MATERIAL designated by that party.

R.   If at any time any CONFIDENTIAL MATERIAL protected by this Stipulated Protective Order is subpoenaed from the receiving party by any court, administrative or

legislative body, or is requested by any other person or entity purporting to have authority to require the production of such material, the party to whom the subpoena or other request is directed shall IMMEDIATELY give written notice thereof to the receiving party with respect to CONFIDENTIAL MATERIAL sought in order to afford the producing party an opportunity to pursue formal objections to such disclosures.  The receiving party shall obey all reasonable instructions of the party who produced the documents regarding such CONFIDENTIAL MATERIAL and the cost of doing so shall be borne by the producing party.  As used in this paragraph, "IMMEDIATELY" means five working days.

S.      The parties may, upon a showing of good cause, seek an order modifying or amending the Stipulated Protective Order.

T.      The parties agree to be bound by the terms of this Stipulated Protective Order upon execution by their respective counsel, regardless of when and/or whether the Court approves this Stipulated Protective Order.


The parties stipulate to the foregoing:


Dated:  September 30, 2010                          THE LEGAL AID SOCIETY EMPLOYMENT
                                                    LAW CENTER

                                            By:     /s/ Sharon Terman
                                                    Sharon Terman
                                                    Attorneys for Plaintiff Maria Escriba


Dated:  October 4, 2010                             ARATA, SWINGLE, SODHI & VAN EGMOND

                                            By:     /s/ Armand George Skol
                                                    Armand George Skol
                                                    Attorney for Defendant Foster Poultry Farms

IT IS SO ORDERED.

Dated:   **October 13, 2010**                          **/s/ Oliver W. Wanger**
                                                    UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28