UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARIA ESCRIBA, | ) | 1:09-cv-1878 OWW MJS |
| | ) | |
| Plaintiff, | ) | ORDER ON PLAINTIFF'S |
| | ) | MOTIONS IN LIMINE |
| v. | ) | |
| | ) | |
| FOSTER POULTRY FARMS, a | ) | |
| California corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Having reviewed Plaintiff's Motions in Limine and Defendant's Oppositions, and having heard oral argument on these Motions on June 24, 2011, the Court orders the following:

    1.    <u>Order on Plaintiff's First Motion in Limine to Exclude Defendant's Proffered Medical Testimony Regarding the Timeliness of Plaintiff's Notice</u>.

This motion is GRANTED in part and DENIED in part, and the Court will provide a limiting instruction to the jury.

Dr. Flores may testify regarding his reading of medical notes prepared by doctors attending the Plaintiff's father, for

1

1  the sole purpose of assisting the jury in determining whether
2  Plaintiff gave timely notice of her need for leave.

3      The Court has already found that Plaintiff's father suffered
4  from a serious health condition.  Accordingly, the Court will
5  provide a limiting instruction explaining that it already has
6  found that Plaintiff's father suffered from a serious health
7  condition.  Dr. Flores may not testify to any opinion on the
8  health condition of Plaintiff's father.  MIL Hearing at p. 23
9  ("Dr. Flores can 1) interpret the medical records in Guatemala of
10 observations of the health and medical conditions of Mr. Merlos;
11 and 2) he can state that these are serious medical conditions,
12 and this is his opinion.").[1]

13     The Court also will instruct the jury that it may not
14 consider Dr. Flores' testimony for the purpose of deciding what
15 Plaintiff knew about her father's condition, and when she knew
16 it.  *See* MIL Hearing at p. 22 ("He can't talk about the quality,
17 the nature or the efficacy of the notice that she gives.  He's
18 not competent to do that, because that would be a legal opinion.
19 All he's competent to do is if there is enough information in the
20 records, he can say these records are indicative of the following
21 medical condition or conditions.  That he's qualified to do.").

22     The Court will instruct that aside from the timeliness of
23 Plaintiff's notice, the jury may not consider Dr. Flores'
24 testimony for any other purpose.

25     2.    Order on Plaintiff's Second Motion in Limine and

26

27     [1] The Court Reporter's Rough Transcript of the Motions in
28 Limine hearing is filed in this case.

2

1      *Daubert* Motion to Exclude the Testimony of Dr. Flores.

2      This Motion is GRANTED in part.

3      Dr. Flores is not qualified to offer an opinion about the

4  reliability of Plaintiff's father's medical notes.  He may not

5  testify about this issue.

6      Dr. Flores may state his concurrence with the Court's

7  finding, as noted above, but beyond this, Dr. Flores may not

8  testify about whether Mr. Merlos had a serious health condition.

9  Such testimony is irrelevant in light of the Court's summary

10  adjudication of this issue in plaintiff's favor.  *See* MIL Hearing

11  at p. 23 ("Dr. Flores can 1) interpret the medical records in

12  Guatemala of observations of the health and medical conditions of

13  Mr. Merlos; and 2) he can state that these are serious medical

14  conditions, if this is his opinion.")

15      Dr. Flores only may testify regarding his reading of medical

16  notes prepared by doctors attending the Plaintiff's father, for

17  the sole purpose of assisting the jury in determining whether

18  Plaintiff gave timely notice of her need for leave.  This

19  testimony will be admitted subject to the limiting instruction

20  described in the Order on Plaintiff's First Motion in Limine.

21      The "investigation update" email, which is Exhibit 2 to Dr.

22  Flores' report, is inadmissible and hereby excluded.  Dr. Flores

23  may only refer to such information as assumptions in a

24  hypothetical question.

25      3.   Order on Plaintiff's Third Motion in Limine to Exclude

26           Evidence of Plaintiff's Prior Leaves of Absence.

27      This Motion is GRANTED in part and DENIED in part.

28  Defendant may introduce evidence reflecting Plaintiff's prior

1    leaves for the limited purpose described below and the Court will

2    provide a limiting instruction to the jury.

3         The Court will instruct the jury that it may consider this

4    evidence for only the following limited purposes:

5         (1)   Whether there was a policy and procedure in place at

6               Foster Farms regarding family medical leaves of absence

7               and related paperwork;

8         (2)   If there was a policy and procedure in place at Foster

9               Farms, whether such policy and procedure was

10              consistently applied in the same manner in each

11              instance of leave; and

12        (3)   If there was a policy and procedure and that policy and

13              procedure was consistently applied to Ms. Escriba and

14              others, whether Ms. Escriba knew of the policy and

15              procedure, whether Plaintiff followed that policy on

16              prior leaves, and whether she knew the policy and

17              procedure applied to the circumstances present in this

18              case.

19        The Court will instruct the jury that Ms. Escriba, like any

20   eligible employee, has a lawful right to take leaves under the

21   Family and Medical Leave Act for her own serious health

22   conditions and to care for family members with serious health

23   conditions.   The Court will instruct that these prior leaves are

24   not and may not be presented to suggest that Ms. Escriba took too

25   many leaves or for any other negative conclusion about Ms.

26   Escriba's leave history and the jury is not going to consider

27   them for any such purpose.   *See* MIL hearing at p. 31 ("So we're

28   not going to go through each one.   We can say there were four

1    requests for sick leave, the procedure was X and on all four X
2    was followed except on one of them we did Y.  That's the way it's
3    going to be presented.  So there will be no undue emphasis on it.
4    And we'll give, as I said, the limiting instruction that this
5    isn't to show that she's a malingerer or she's trying to get time
6    off or that she's lazy or that she wants to miss work.").

7         **4.   Order on Plaintiff's Fourth Motion in Limine to Exclude**
8              **Mary Topliff**.

9         Plaintiff's motion to exclude proffered expert witness Mary
10   Topliff is GRANTED.

11        **5.   Order on Plaintiff's Fifth Motion in Limine to Exclude**
12             **Investigative Report and Investigators**.

13        This Motion is GRANTED in part and CONDITIONALLY GRANTED in
14   part.  Plaintiff moves to exclude testimony and evidence of an
15   investigative report prepared by two investigators in Guatemala.
16   This court grants the Plaintiff's motion excluding the
17   investigator's report (Defendant's Exhibit Number 434).

18        With respect to Plaintiff's motion to exclude the two
19   investigators from testifying at trial, the Court conditionally
20   grants this motion subject to Plaintiff's showing (by further
21   briefing) that Defendant failed to timely disclose these two
22   witnesses during discovery.  The Plaintiff's submission is due to
23   the Court by June 28, and the Defendant's response, if any, is
24   due by July 1.

25        **6.   Order on Plaintiff's Sixth Motion in Limine to Exclude**
26             **Evidence of the Board of Adjustment**.

27        This Motion relates to the deliberation and decision by a
28   Board of Adjustment, in which representatives of Plaintiff's

                                  5

1  union, and representatives of Defendant met to consider the

2  resolution of Plaintiff's grievance.  Plaintiff's Motion is

3  GRANTED in part.  Any evidence of, or reference to deliberations,

4  findings, conclusions or determinations, if any, reached by or

5  before such Board is inadmissible on any issue that will be heard

6  by the jury in this case, and no offer of or reference to such

7  evidence may be made before the jury.  This evidence is

8  admissible to the Court regarding liquidated damages.  *See* MIL

9  Hearing at p. 48 ("This evidence will not come in, what the Board

10  of Adjustment did is not admissible."); at 52 ("[I]t is not

11  admissible before the jury.  It's only application may bear on

12  application to the liquidated damages provision which the Court

13  will decide.").

14      7.   Order on Plaintiff's Seventh Motion in Limine to

15           Exclude Evidence of the NLRB.

16      Plaintiff moves to exclude any and all evidence of or

17  reference to any involvement by the National Labor Relations

18  Board in consideration of any issue in, or related to this case.

19  Plaintiff's Motion is GRANTED.  *See* MIL Hearing at p. 53 (Mr.

20  Zarlenga: "I don't have a different argument, so it's the

21  same..."); *id.* (Court: "Right.  This would be even more

22  collateral.").  Such evidence could bear on liquidated damages,

23  which the Court will decide.

24      8.   Order on Plaintiff's Eighth Motion in Limine to Exclude

25           Lists of Other Terminated Employees.

26      Plaintiff moved to exclude a list of terminated employees,

27  and any evidence of or reference to the contents of such a list.

28  Plaintiff's Motion is conditionally GRANTED, subject to the

6

1  possibility of a door to such evidence being opened by Plaintiff
2  during trial.

3      9.    <u>Order on Plaintiff's Ninth Motion in Limine to Exclude</u>
4            <u>the "Three Mysteries</u>."

5      Plaintiff's motion to exclude certain specific evidence is
6  GRANTED in part and DENIED in part, as follows:

7      Evidence suggesting that Plaintiff's father was not in the
8  hospital at the time of Plaintiff's receipt of a phone call
9  advising her of her father's condition on or about November 16,
10 2007, will be excluded.

11     Any ruling on evidence related to an adopted daughter is
12 deferred pending the Court's 104 hearing set for July 7.

13     Evidence related to Plaintiff's possession and use of a cell
14 phone may be admitted subject to proper foundation being laid.

15     10.   <u>Order on Plaintiff's Tenth Motion in Limine to Exclude</u>
16           <u>Certain Extraneous Matters</u>.

17     Plaintiff's Tenth Motion also seeks to exclude certain
18 specific evidence.  This Motion is GRANTED in part and DENIED in
19 part, as follows:

20     Evidence that Plaintiff's husband or son may have conducted
21 any business, or business activity of any kind, and whether for
22 personal or business purposes, related to the sale or
23 transportation of used cars, is excluded, subject to the
24 possibility of a door to such evidence being opened by the
25 Plaintiff during trial.

26     Any and all evidence related in any way to Hener Garcia is
27 excluded, subject to the possibility of a door to such evidence
28 being opened by the Plaintiff during trial.

1   Any and all evidence related in any way to a lawsuit
2   involving an auto accident involving Plaintiff's nephew is
3   excluded, subject to the possibility of a door to such evidence
4   being opened by the Plaintiff during trial.

5   Any evidence related to scholarships granted by Defendant to
6   Plaintiff's daughters is conditionally excluded, subject to the
7   possibility of Plaintiff opening the door to such evidence during
8   trial.

9       11.   **Order on Plaintiff's Eleventh Motion in Limine to**
10            **Exclude Medical and Therapy Records Regarding the**
11            **Plaintiff**.

12  This Motion is DENIED; however, the Plaintiff will be
13  permitted to redact any confidential, personal, or irrelevant
14  information.

15  Plaintiff's medical and therapy records may be used subject
16  to a protective order and must be returned to Plaintiff after the
17  trial.

18      12.   **Order on Plaintiff's Twelfth Motion in Limine**
19            **Requesting the Court to Take Judicial Notice of the**
20            **Legislative Purpose of the Family and Medical Leave**
21            **Act**.

22  This Motion is DENIED.

23      13.   **Order on Plaintiff's Thirteenth Motion in Limine to**
24            **Exclude References to Legal Aid and San Francisco**.

25  This Motion is GRANTED.

26      14.   **Order on Plaintiff's Fourteenth Motion in Limine**.

27  Plaintiff has moved to quash subpoenas to Plaintiff and to
28  her husband seeking certain tax and other information allegedly

1  related to Plaintiff's adopted daughter.  Ruling on this Motion
2  is deferred for further consideration in connection with the Rule
3  104 hearing set for July 7.  Plaintiff shall submit copies of the
4  documents being requested for in camera review by the Court.  *See*
5  MIL Hearing at p. 77 ("Well, I'll look at it and then we're going
6  to have the 104 hearing.  I'll make a ruling."); p. 90 ("The jury
7  will be selected first.  Then the 104 hearings will be held the
8  afternoon of the first day after the jury selection before you
9  make the opening statement so you know who is going to be in and
10 who isn't going to be so you're not prejudiced in making your
11 opening statements.").

12      15.  <u>Order on Plaintiff's Fifteenth Motion in Limine and Ex</u>
13           <u>Parte Motion to Quash Defendant's Subpoenas of</u>
14           <u>Plaintiff's Health Care Providers</u>.

15      Plaintiff's Motion to Quash the subpoenas of two medical
16 professionals is DENIED in part and GRANTED in part.  The
17 Plaintiff's motion to exclude these witnesses on the grounds of
18 Defendant's late addition of them to the Pre-Trial Order is
19 DENIED, inasmuch as the Court finds that the witnesses were added
20 to the Pre-Trial Order by a timely supplement.  However, in light
21 of Plaintiff's offer to stipulate that her medical and therapy
22 records are authentic business records, and Defendant's
23 representation that its purpose in calling these witnesses was to
24 authenticate the records, the Court also rules that the
25 foundational testimony of these witnesses is unnecessary.  The
26 witnesses have not properly been identified, disclosed or offered
27 for any further or substantive testimony and their testimony will
28 therefore not be allowed on any other subject.  If there is a

1   stipulation, it is unnecessary.  *See* MIL Hearing at p. 81 (Mr.

2   Zarlenga: "I need to authenticate the records because the

3   Plaintiffs, even though they handed them to us, are making

4   objections on foundation."); *id.* (Ms. Terman: "We have offered to

5   stipulate that the records are business records, Your Honor.").

6   IT IS SO ORDERED.

7

8   DATED:   July 12, 2011.

9

10                        ___/s/ Oliver W. Wanger___
                             Oliver W. Wanger
11                        UNITED STATED DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28