UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ESCRIBA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>FOSTER POULTRY FARMS, a California corporation,<br><br>　　　　Defendant, | 1:09-CV-1878 OWW MJS<br><br>ORDER RE DEFENDANT'S ATTORNEYS FEES MOTION (DOC. 217) |

## I. INTRODUCTION.

Defendant Foster Poultry Farms ("FPF") as predominantly prevailing party brings this motion for attorney's fees pursuant to Fed. R. Civ. Pro. 37(c)(2) and FEHA against Plaintiff Maria Escriba. Plaintiff motion.

## II. FACTUAL BACKGROUND.

On October 26, 2009, Plaintiff filed her Complaint alleging: Unlawful Interference with FMLA rights; Discrimination under the FMLA; Failure to provide CFRA leave; Unlawful discharge and discrimination under CFRA; Failure to prevent discrimination

under CFRA; and Termination in violation of California's public policy. Compl., ECF No. 1.

Plaintiff's First Amended Complaint ("FAC") added a claim for failure to pay earned wages, including vacation pay, and waiting time penalties. First Am. Compl., ECF No. 8. Defendant asserted fourteen affirmative defenses in its Answer to Plaintiff's FAC. Answer, ECF No. 15.

The parties filed cross motions for summary judgment on June 3, 2011. Mots. Summ. J., ECF Nos. 33, 41. The Memorandum Decision Order granted in part and denied in part the cross-motions. Summ. J. Order, ECF No. 98. Specifically, Plaintiff's fifth claim for failure to prevent discrimination under Fair Employment and Housing Act ("FEHA") and claim for punitive damages were granted in Defendant's favor. Plaintiff's seventh claim for failure to pay wages was granted in Plaintiff's favor. All other claims were denied summary judgment. *Id.*

Trial began on July 13, 2011. At trial a highly disputed credibility dispute issue arose centered around what Plaintiff told her supervisors, and what they said in response, when she requested a vacation to see her sick father in Guatemala.

In fall 2007, Plaintiff learned that her father in Guatemala was ill. Plaintiff contends that on November 16, 2007, she received a phone call from her niece that Plaintiff's father had taken a turn for the worse. Plaintiff booked a roundtrip ticket

2

to Guatemala, leaving on November 23, 2007 and returning on December 27, 2007.

The following Monday, Plaintiff met with her direct supervisor, Linda Mendoza, and requested vacation time off to visit her sick father. A conversation ensued regarding Plaintiff's request. A dispute arose about who was involved in this conversation. Plaintiff, who claims to speak limited English, testified that no interpreter was present. Defendant's witnesses testified to the opposite. There is also a dispute regarding what was said during the conversation.

Ultimately, Ms. Mendoza approved Plaintiff for two weeks of vacation. Plaintiff's vacation slip states that she was required to return on December 10, 2007.

Plaintiff then spoke with the facility superintendant, Edward Mendoza. Witness testimony is highly conflicting regarding what was said during this conversation. Plaintiff claims Mr. Mendoza orally approved an extended leave of indefinite duration, explaining that she needed only to come back with a doctor's note to substantiate her need for FMLA leave. Mr. Mendoza testified that he told Plaintiff if she needed time past her vacation time off, that she would need to fax or send human resources ("HR") a doctor's note, presumably from Guatemala.

Plaintiff left for Guatemala without contacting the HR office as she had on the fifteen prior occasions she had

3

requested FMLA leave.

While in Guatemala Plaintiff learned that she would need to stay past her scheduled return date. Plaintiff testified that she unsuccessfully attempted to call and to fax a note to FPF. Defendant's witnesses testified that they did not receive any contact from Plaintiff, telephonic or by fax, while she was in Guatemala.

Plaintiff returned to the United States on December 27, 2007. She learned that her job had been terminated pursuant to FPF's policy that employees are automatically terminated if they do not call or come to work within three days of the expiration of their scheduled time off.

On July 21, 2011, before the case was submitted to the jury, both parties filed motions for JMOL. ECF Nos. 197, 198. The Court heard oral argument on the cross-motions the same day. Trial Tr. 130-149, July 21, 2011. On July 22, 2011, the jury returned a verdict in favor of Defendant. ECF No. 208.

Plaintiff filed a Renewed Motion for Judgment as a Matter of Law and Alternative Motion for a New Trial pursuant to Fed. R. of Civ. Pro. 50(b) and 59(a), which were denied.

### III. DISCUSSION.

**A.   Attorney's Fees Under Fed. R. Civ. Pro. 37.**

Defendant asserts that under Rule 37(c)(2), it is entitled to "reasonable expenses, including attorney's fees" because

4

Plaintiff denied its first request for admission that "Plaintiff did not give advance notice of the need for a leave under the FMLA/CFRA as required by law or regulations." Def.'s Mot. Att'y Fees ("MAF"), 3 n. 2, ECF No. 218. Plaintiff rejoins that under the exception to Rule 37(c)(2), Defendant is not entitled to fees because Plaintiff had a reasonable belief that she might prevail. Fed. R. Civ. Pro. 37(c)(2)(C).

Fed. R. Civ. Pro. 37(c)(2) states:

> (2) *Failure to Admit*. If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order <u>unless</u>:
>
> (A) the request was held objectionable under Rule 36(a);
>
> (B) the admission sought was of no substantial importance;
>
> (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
>
> (D) there was other good reason for the failure to admit.

*Id.* (emphasis added.); *see also* 1970 Advisory Committee Notes ("the true test under Rule 37(c) is not whether a party prevailed at trial but whether he acted reasonably in believing that he might prevail.") Attorney's fees cannot be awarded if Plaintiff can show she had a reasonable believe that she would prevail.

1. <u>Applicable FMLA Law.</u>

The FMLA regulations set out two notice requirements: the notice must have been "sufficient to make the employer aware that

5

the employee needs FMLA qualifying leave, and the anticipated timing and duration of the leave." 29 C.F.R. § 825.302(c). The plaintiff must also show that her notice was timely. 29 C.F.R. § 825.303(a).

2. <u>Sufficiency.</u>

As Defendant itself claimed in its opposition to Plaintiff's JMOL, this case boiled down to a "he said, she said" credibility issue. Although Plaintiff admitted on the stand that she had successfully taken fifteen prior leaves by giving sufficient notice and accordingly was well aware of how to give sufficient notice of FMLA leave, Plaintiff also testified that she believed, based on her memory of the conversation between Edward Mendoza and herself, that Mr. Mendoza gave her permission to take indefinite leave and that if she simply returned with a doctor's note. Plaintiff further testified that in her conversation regarding leave with Ms. Mendoza, Plaintiff requested more and Ms. Mendoza refused. Both Linda Mendoza and Edward Mendoza testified that they remembered their conversations with Plaintiff differently and that she was not given indefinite leave. This credibility issue does not mean Plaintiff was unreasonable in believing that the jury was capable of being persuaded by her testimony and version of events.

This case is distinguishable from Defendant's cited case, *Foster Poultry Farms, Inc. v. SunTrust Bank*, 377 Fed. Appx. 665,

6

672 (2010), in which the defendant conceded a key issue at trial and as such the defendant could not have reasonably believed that it would prevail at trial. The same did not happen here. Plaintiff never conceded that her notice was insufficient. Throughout trial and before she did not waver in her version of the events regarding the conversation between herself, Mr. Mendoza and Ms. Mendoza, which was the key evidence Plaintiff relied on in attempting to prove the sufficiency of notice element. That the jury believed Mr. Mendoza's and Ms. Mendoza's version and/or believed Defendant's totality of evidence was more persuasive on the sufficiency of notice element, does not mean Plaintiff was unreasonable in her belief.

This case is also distinguishable from Defendant's other cited case, *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 937 (9th Cir. 1994). In *Marchand* the defendant, in a request for admission, denied that he had not complied with the applicable standard of care, but later changed his testimony about a key incident, whether a cervical collar was removed before completing a series of cervical spine x-rays. *Id*. *Marchand* found that defendant could not have reasonably denied his negligence. *Id*. Here, there is no such changed material testimony. Plaintiff has sustained her position regarding her conversation with Mr. Mendoza and Ms. Mendoza throughout trial and before.

7

3. <u>Timeliness.</u>

"An employee must provide the employer at least 30 days advance notice before FMLA leave is to begin if the need for the leave is foreseeable." 29 CFR § 825.302(a). When the need for leave is not known in advance, "an employee should give notice to the employer of the need for FMLA leave as soon as practicable under the facts and circumstances of the particular case." 29 C.F.R. § 825.303(a).

Defendant argues that because Plaintiff does not have records of a phone conversation between Plaintiff and her niece in which Plaintiff's niece told Plaintiff her father had "taken a turn for the worse," Defendant is entitled to attorneys fees for the "wild goose chase" it endured in trying to discover whether Plaintiff actually received a phone, making her leave unforeseeable. Merely because Plaintiff could not recover a record of her phone call does not mean that Plaintiff was lying or intentionally misleading Defendant regarding whether a phone call took place. It is reasonable that the record of a phone call from another country, Central America, which took place more than two years before was no longer within Plaintiff's possession and/or that she was no longer able to obtain the record. And, this is again distinguishable from *SunTrust Bank* because the Plaintiff did not concede timeliness at trial. This presented a material issue of disputed fact only resolvable by a credibility

8

determination by the jury. The jury chose to believe Defendant's witnesses and not Plaintiff. If the jury had been persuaded by Plaintiff's testimony that phone call from her niece took place, then Plaintiff would have been able to give notice as soon as is practicable. 29 C.F.R. § 825.303(a) (stating that when an absence is unforeseeable, an employee only must notify her employer of her need for leave as soon as practicable.)

Moreover, under the regulations if notice was not timely, the employer may only delay leave, not deny it. 29 C.F.R. § 825.304. Here, FPF let Plaintiff go on leave, and arguably waived the timeliness of her notice (had she been found to be on FMLA leave). She could have had a reasonable belief that the jury would find her notice timely.

Plaintiff has satisfied the Fed. R. Civ. Pro. 37(c)(2)(C) exception. Defendant's motion for attorney's fees pursuant to Rule 37(c) is DENIED.

B.   <u>Attorney's Fees Under FEHA.</u>

The general rule in American law is that each litigant must pay his or her own attorneys' fees absent congressional authorization indicating otherwise. *See, e.g., Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 245, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Musaelian v. Adams*, 45 Cal.4th 512, 516, 87 Cal.Rptr.3d 475, 198 P.3d 560 (2009). Section 706(k) of Title VII of the Civil Rights Act of 1964 provides that a district court,

"in its discretion, may allow the prevailing party [ ], a reasonable attorney's fee as part of the costs." 42 U.S.C. § 2000e–5(k). Section 12965 of the California Fair Employment and Housing Act ("FEHA") has virtually identical statutory language, and California courts follow federal precedent in applying the attorneys' fees standard under FEHA. *See* Cal. Gov.Code § 12965; *see Cummings v. Benco Building Services*, 11 Cal. App. 4th 1383, 1389–90 (1992). Accordingly, the same analysis applies to defendant's motion with respect to plaintiff's Title VII and FEHA claims.

In a Title VII or FEHA case, a "prevailing plaintiff ordinarily is to be awarded attorney's fees in all but special circumstances." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417 (1978); *see also Cummings*, 11 Cal. App. 4th at 1387. In contrast, a district court may award reasonable attorneys' fees to a prevailing defendant only upon finding the plaintiff's lawsuit was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg*, 434 U.S. at 422. These asymmetrical standards reflect congressional intent that "[e]ven when unsuccessful, such suits provide an important outlet for resolving grievances in an orderly manner and achieving non-violent resolutions of highly controversial, and often inflammatory, disputes. Guaranteeing individuals an opportunity to be heard in court instead of

10

leaving them only with self-help as the means of remedying perceived injustices creates respect for law and ameliorates the injury that individuals feel when they believe that they have been wronged because society views them as inferior." *Harris v. Maricopa County Superior Court*, 631 F.3d 963, 971 (9th Cir. 2011).

Therefore, attorneys' fees should be awarded to a prevailing defendant in civil rights suits only in "exceptional cases." *See Mitchell v. Los Angeles County Superintendent of Schools*, 805 F.2d 844, 848 (9th Cir. 1986); *see also Rosenman v. Christensen, Miller, Fink, Jacobs, Glaser, Weil, & Shapiro*, 91 Cal.App.4th 859, 872 (2001) ("A relatively small number of California cases have awarded attorney fees to the prevailing defendant under the *Christianburg* [sic] standard").

Fees may be awarded only for frivolous claims, and a defendant bears the burden of establishing that the fees for which it is asking are in fact incurred solely by virtue of the need to defend against those frivolous claims. That is because here as in cases involving attorneys fees generally, "[t]he burden of establishing entitlement to an attorneys fees award lies solely with the claimant." *Trustees of Directors Guild of America-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 427 (9th Cir. 2000) (*citing Hensley v. Eckerhart*, 461 U.S. 424, 437 n. 12 (1983)). A defendant must demonstrate that the work for

11

which it asserts that it is entitled to fees would not have been performed but for the inclusion of the frivolous claims in the complaint. *Harris*, 631 F.3d at 972.

Defendant states that Plaintiff submitted no evidence on her motion for summary judgment to support her FEHA claim for discrimination. Assuming *arguendo* Plaintiff's FEHA claim was frivolous, Defendant has not demonstrated how the work which it asserts it is entitled to fees would not have been performed but for the inclusion of Plaintiff's FEHA discrimination claim. The other claims survived summary judgment, JMOL, and were submitted to the jury. Defendant does not cite, *e.g.*, the time spent researching the claim, the amount of time preparing for questions at deposition, time spent preparing discovery, and so on, let alone how this work and time spent would not have occurred but for the inclusion of Plaintiff's FEHA claim. Defendant merely provides a percentage estimate of time spent on Plaintiff's non-FMLA claims, which includes both the alleged frivolous FEHA non-discrimination claim and a wrongful termination in violation of public policy claim.

There is no demonstration from Defendant's motion for summary judgment or opposition to Plaintiff's motion for summary judgment that it spent time and effort above what it would have spent to defend Plaintiff's "non-frivolous" claims. In fact, Defendant's motion for summary judgment proves the opposite, as

12

the motion simply lumps Plaintiff's non-FMLA claims together in arguing for blanket dismissal. The entirety of the argument regarding Plaintiff's non-FMLA claims in Defendant's motion for summary judgment is as follows:

> Any possibly [sic] liability pursuant to the Plaintiff's causes of action directly arises out of alleged violation of the FMLA and CFRA. Plaintiff's First Amended Complaint, states that the failure to prevent discrimination relates to CFRA and that the fundamental policy claimed to be violated is FMLA and CFRA. (See First Amended Complaint 103 and 109). Since CFRA adopts the language of the FMLA and California state courts have held that the same standards apply, any failure to establish a violation of FMLA will result in no finding of liability for a violation of CFRA. *Liu V. Amway Corp.*, 347 F.3d 1125, 1132 (9th Cir. 2003); *Dudley v. Dep't of Transp.*, 90 Cal. App. 4th 255, 261, 108 Cal. Rptr. 2d 739 (2001).
>
> Based on the foregoing, all of Plaintiff's causes of action against Defendants must fail because no violation of FMLA or CFRA has occurred. Therefore, Defendant requests that the Court grant its summary judgment to all remaining causes of action.

Def.' Mot. Summ. J., 16:4-19, ECF. No. 33.

Defendant has not made any showing that it would not have spent the same time and money defending Plaintiff's "non-frivolous" claims, but for inclusion of Plaintiff's FHEA claim. Defendant's motion for attorney's fees under FEHA is DENIED.

## IV. CONCLUSION.

For the reasons stated:

Defendant's Motion for Attorney's Fees is DENIED.

13

1  SO ORDERED.

2  DATED: September 30, 2011

3                                           /s/Oliver W. Wanger
4                                          Oliver W. Wanger
                                     United States District Judge